STATE of Wisconsin, EX REL. Gregory BROWN, Petitioner-Appellant,

v.

Richard ARTISON, his agents, employees, and those acting on his behalf or on his direction, Respondents. [Case No. 86–0109.]

STATE of Wisconsin, EX REL. Warren HAMILTON, Petitioner-Appellant,

v.

Franklin LOTTER, Superintendent of the Milwaukee House of Correction, his agents, employees, deputies, and those acting on his behalf or on his direction, Respondents. [Case No. 86–0110.]

Court of Appeals

*Nos. 86–0109, 86–0110. Submitted on briefs November 4, 1986.—Decided March 26, 1987.*

(Also reported in 405 N.W.2d 797.)

350

For the petitioners-appellants the cause was submitted on the briefs of *Robert M. Courtney* of *Courtney, Pledl & Molter, S.C.* of Milwaukee.

For the respondents the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general and *Sally L. Wellman,* assistant attorney general.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J. Warren Hamilton and Gregory Brown appeal from orders dismissing their respective petitions for habeas corpus. Brown, a parolee, and Hamilton, a probationer, were returned to custody following circuit court bindovers on criminal charges. On appeal they assert that (1) their state and federal constitutional due process rights were violated by the failure of the Department of Health and Social Services (DHSS) to conduct a preliminary revocation hearing, and (2) their equal protection rights were violated by DHSS's failure to provide a preliminary detention hearing. The cases were consolidated on appeal. We affirm.

The facts are undisputed. While on parole, Brown was arrested for armed robbery. DHSS placed a parole hold on him and commenced revocation proceedings. Following a preliminary hearing in circuit court on the criminal charge, probable cause was found to bind Brown over for trial. Subsequently, the supervisor of Brown's parole agent determined that Brown should be detained in custody pending his final revocation hearing.

DHSS placed a probation hold on Hamilton for having left the House of Correction where he was to serve the first nine months of his probation sentence. He was also charged criminally with escape. He waived a preliminary hearing on the criminal charge

353

and was bound over for trial. The state introduced an exhibit at the habeas corpus hearing purporting to be Hamilton's written admission. The supervisor of Hamilton's probation agent decided that Hamilton should be detained pending his final probation revocation hearing.

Brown and Hamilton then sought writs of habeas corpus. The circuit court dismissed their petitions, and they appeal.

They challenge the constitutionality of an administrative rule, Wis. Adm. Code, sec. HSS 31.04, which reads in pertinent part as follows:

(1) ... [A] preliminary hearing shall be held in accordance with this section, unless sub. (2) applies, to determine whether there is probable cause to believe that the client violated a rule or a condition of supervision.

(2) EXCEPTIONS. A preliminary hearing need not be held if one of the following is true:

. . . .

(b) The client has given and signed a written statement which admits the violation;

(c) There has been a finding of probable cause in a felony matter and the client is bound over for trial for the same or similar conduct ... .

(3) MAGISTRATE. The preliminary hearing shall be held before a magistrate. The magistrate shall be a supervisor or supervisor's designee who has not been directly involved in the decision to initiate proceedings to revoke the client's probation or parole.

. . . .

(5) DETENTION PENDING FINAL HEARING. (a) When there is a preliminary hearing, the magistrate shall decide if the client is to remain in detention or is to be taken into custody

and detained pending the outcome of the final hearing. When there is no preliminary hearing because the case meets one of the criteria under sub. (2), the agent's immediate supervisor shall make that decision.

(b) Detention is advisable and consistent with the goals and objectives of this chapter if one of the following is true:

1. The client is believed to be dangerous;

2. There is a likelihood that the client will flee;

3. The client is likely to engage in criminal behavior before the revocation takes place;

4. The client is likely to engage in an activity that does not comply with the rules and conditions of supervision; or

5. The length of the term to be served upon revocation is great.

■■■■

An administrative rule made pursuant to statutory authority is presumed to be constitutional. *See Josam Mfg. Co. v. State Bd. of Health,* 26 Wis. 2d 587, 596, 133 N.W.2d 301, 307 (1965). The challenger must prove unconstitutionality beyond a reasonable doubt. *Id.* In reviewing a constitutional due process challenge, we must determine whether the rule bears a reasonable relationship to legitimate governmental objectives. *Liberty Homes, Inc. v. DILHR,* 136 Wis. 2d 368, 375, 401 N.W.2d 805, 810–11 (1987). We determine this question of constitutional fact without deference to the trial court's conclusion. *See State v. Woods,* 117 Wis. 2d 701, 715, 345 N.W.2d 457, 465 (1984). We conclude that Hamilton and Brown have failed to meet their burden.

The revocation of either parole or probation requires the same guarantee of due process. *Gagnon v. Scarpelli,* 411 U.S. 778, 782 and n. 3 (1973). We will therefore cite parole and probation cases interchangeably.

Hamilton and Brown do not challenge the promulgation of Wis. Adm. Code sec. HSS 31.04 nor do they assert that it was not complied with. Rather, they argue that they were denied their due process right to a preliminary revocation hearing by sec. HSS 31.04(2)(b) and (c), which provide that a preliminary hearing need not be held if the parolee or probationer has signed a written statement admitting a violation (Hamilton's situation) or if a finding of probable cause has been made in a felony matter and the parolee or probationer has been bound over for trial (Brown's situation).

Due process requires that "some minimal inquiry" be conducted after an alleged violation of parole or probation conditions. *Morrissey v. Brewer,* 408 U.S. 471, 485 (1972). The purpose of this inquiry, or preliminary hearing, is to determine whether there is probable cause to believe that the person arrested has committed acts constituting the alleged violation. *Id.*

One function of the preliminary hearing is to assure "that there is reasonable justification for the deprivation involved in detaining the parolee [or probationer] for a final revocation hearing." *State ex rel. Flowers v. DHSS,* 81 Wis. 2d 376, 391, 260 N.W.2d 727, 736 (1978). This purpose "is served by demonstrating any reasonable ground for incarceration." *Id.*

Once it is found at a preliminary hearing that there is probable cause that a violation occurred, the need to determine whether there is probable cause to detain the arrested person pending a final revocation hearing has been met. *See Id.* Thus, a preliminary hearing is not required if grounds for detention have been established in some other manner. *Id.*

Due process also requires that the probable cause determination be made by "someone not directly involved in the case." *Morrissey,* 408 U.S. at 485. Revocation does not, however, require a *judicial* hearing. *Flowers,* 81 Wis. 2d at 384, 260 N.W.2d at 732. Rather, it is sufficient that the determination be made by a parole officer other than the one who has reported the alleged violation. *Morrissey,* 408 U.S. at 486. "No interest would be served by formalism in this process." *Id.* at 487.

Brown does not challenge the finding of probable cause or bindover in his felony case. Nor does Hamilton assert that the handwritten, signed admission in the record is not his or was involuntarily given. Rather, they argue that due process demands that they nonetheless be granted a preliminary hearing under sec. HSS 31.04(1).

A finding of probable cause and bindover in a felony matter and a written admission of escape, both exceptions to the hearing requirement, establish probable cause that a parole or probation violation has occurred, thus obviating the need for a preliminary hearing under sec. HSS 31.04. We conclude that sec. HSS 31.04(2)'s exceptions to the hearing requirement do not violate Hamilton and Brown's due process right

to some minimal inquiry to determine probable cause. They have received whatever process they are due.

Hamilton and Brown also assert that they were denied equal protection of the law because the decision to detain them was made by their parole or probation agent's immediate supervisor rather than by a magistrate. *See* sec. HSS 31.04(5). They argue that sec. HSS 31.04(5) creates two classes of alleged parole or probation violators: those whose detention decisions are made by a magistrate at a preliminary hearing and those whose detention decisions are made by their agents' immediate supervisors without a hearing. Hamilton and Brown further assert that those in the latter class, like themselves, are thus placed at a disadvantage regarding the decision whether to detain pending final hearing.

Notwithstanding Hamilton and Brown's assertions to the contrary, the rational basis test applies to questions of treatment affecting the conditional liberty of alleged parole and probation violators. *See State v. Aderhold,* 91 Wis. 2d 306, 308–09, 284 N.W.2d 108, 109 (Ct. App. 1979). The judicial response to a classification challenged on equal protection grounds requires only that the reviewing court locate some reasonable basis for the classification. *Omernik v. State,* 64 Wis. 2d 6, 19, 218 N.W.2d 734, 742 (1974). The equal protection challenger must prove abuse of legislative discretion beyond a reasonable doubt. *Sambs v. City of Brookfield,* 97 Wis. 2d 356, 370, 293 N.W.2d 504, 511, *cert. denied,* 449 U.S. 1035 (1980). Once again, Hamilton and Brown have not met their burden.

358

Section HSS 31.04(5)(b) enumerates criteria for detention. These criteria apply equally, regardless of who makes the detention decision. Hamilton and Brown do not claim that the supervisors who decided to detain them had also initially reported their violations. Thus, the supervisors were constitutionally able to make the detention decision. *See Morrissey,* 408 U.S. at 485–86. We conclude that Hamilton and Brown have not shown that members of the two classes are treated differently in any substantive way.

Even assuming a real distinction between the classes alleged by Hamilton and Brown, there is a reasonable basis for the classification. DHSS could reasonably conclude that the circumstances listed in sec. HSS 31.04(2)(b) and (c) provide indicia of probable cause sufficient to obviate the need for a preliminary hearing. Because probable cause that a violation occurred and probable cause to detain pending final hearing are essentially the same determination, *see Flowers,* 81 Wis. 2d at 391, 260 N.W.2d at 736, it is reasonable for DHSS to have the alleged violator's agent's supervisor make the detention decision when no preliminary hearing is held under sec. HSS 31.04(1).

In summary, Hamilton and Brown have failed to prove that sec. HSS 31.04 violates their constitutional rights to due process or equal protection. Accordingly, we affirm the orders of the circuit court dismissing their habeas corpus petitions.

*By the Court.*—Orders affirmed.